NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
30217
28-SEP-2012
07:59 AM**

NO. 30217

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellant,
v.
EUGENE C. KOSTRON and LOPAKA CENO, Defendants-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-0268)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Ginoza, JJ.)

Plaintiff-Appellant State of Hawaiʻi (State) appeals from the Circuit Court of the First Circuit's (circuit court)[1] October 23, 2009 order granting Defendant-Appellee Eugene C. Kostron's (Kostron) motion to dismiss the case, which Defendant-Appellee Lopaka Ceno (Ceno) had joined.

The State raises the following points of error on appeal: (1) the circuit court abused its discretion in dismissing the February 25, 2009, Felony Information and Non-Felony Complaint (2009 Complaint) with prejudice, and also in dismissing the entire 2009 Complaint against Kostron and Ceno, which included four charges of assault in the third degree that were unaffected by the charging mistakes at issue in this case; and

---

[1] The Honorable Glenn J. Kim presided.

(2) the circuit court abused its discretion in denying the State's motion to amend Counts I and V of the 2009 Complaint.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the State's points of error as follows:

This case arises from an incident on March 3, 2007. Kostron and Ceno were first charged with respect to this incident by way of a Felony Information and Non-Felony Complaint filed August 15, 2007 (2007 Complaint) in Cr. No. 07-1-1510. A year later, on August 25, 2008, Cr. No. 07-1-1510 was dismissed with prejudice due to the then-assigned Deputy Prosecuting Attorney's inexcusable lack of readiness for trial.[2] However, after a hearing on January 22, 2009, the circuit court granted the State's motion to reconsider the dismissal with prejudice and, in an order filed on February 17, 2009, dismissed Cr. No. 07-1-1510 without prejudice.

On February 25, 2009, the State re-filed the case by way of the 2009 Complaint in the instant case, docketed in the circuit court as Cr. No. 09-1-0268. The 2009 Complaint contained a total of six counts, four against Kostron and two against Ceno. Count I alleged a charge of Assault in the Second Degree against Kostron for recklessly causing "serious bodily injury" to Ronald Lewis, Jr. Count V alleged a charge of Assault in the Second Degree against Ceno for recklessly causing "serious bodily injury" to William Naeole.

The prior 2007 Complaint had also alleged charges for Assault in the Second Degree against Kostron and Ceno, however, Count I and V in the 2007 Complaint alleged that defendants had caused "*substantial* bodily injury" and not "*serious* bodily injury."

---

[2] The Honorable Richard K. Perkins presided with regard to Cr. No. 07-1-1510.

On October 8, 2009, eleven days before the scheduled trial and after the circuit court in a status conference had questioned the language in the 2009 Complaint, the State filed a motion to amend the 2009 Complaint in order to change the injury language from "serious bodily injury" to "substantial bodily injury." Kostron and Ceno opposed the motion to amend. Simultaneous with his opposition memorandum, Kostron also filed a motion to dismiss the case, which Ceno later joined.

At the hearing on the motion to amend the 2009 Complaint, the State candidly conceded that it could not prove serious bodily injury. Moreover, although counsel for Ceno admitted that he had been proceeding under the belief that the charges in the 2009 Complaint were the same as in the 2007 Complaint, counsel for Kostron asserted that he had noted the discrepancy and planned on raising a motion for judgment of acquittal after the State's case at trial. The circuit court thereafter denied the State's motion to amend the 2009 Complaint on grounds that, under Hawai'i Rules of Penal Procedure (HRPP) Rule 7(f), the defendants would be prejudiced by such an amendment because the State had conceded that it could not prove "serious bodily injury."

Subsequently, the circuit court held a separate hearing on the motion to dismiss, at which the court orally granted the motion to dismiss and ruled that it would dismiss the case with prejudice. The circuit court entered its written order dismissing the case with prejudice on October 23, 2009.

The State's first point of error is that the circuit court erred in dismissing the case with prejudice.

> A trial court's exercise of its inherent power to dismiss a criminal case with prejudice was upheld in *State v. Moriwake*, 65 Haw. 47, 647 P.2d 705 (1982). There, the court, relying on article VI, section 1 of the Hawai'i Constitution pertaining to the "judicial power of the State[,]" and also citing HRS § 603-21.9 (1976) which grants courts the power to take steps "necessary" for the promotion of justice, found that the inherent power included the "power to administer justice." *Id*. at 55, 647 P.2d at 711-12. The

> court held that under this aspect of the judicial power, "trial courts have the power to dismiss sua sponte an indictment with prejudice and over the objection of the prosecuting attorney[ ] [w]ithin the bounds of duly exercised discretion[.]" *Id.* <u>The "parameters within which this discretion is properly exercised" requires a "'balancing [of] the interest of the state against fundamental fairness to a defendant with the added ingredient of the orderly functioning of the court system</u>.'" *Id.* at 56, 647 P.2d at 712 (quoting *State v. Braunsdorf*, 98 Wis.2d 569, 587, 297 N.W.2d 808, 817 (1980) (Day, J., dissenting)).

<u>State v. Mageo</u>, 78 Hawai'i 33, 37, 889 P.2d 1092, 1096 (App. 1995) (emphasis added). Thus, within the framework set out in <u>Mageo</u>, the circuit court had discretion in this case whether to grant Kostron and Ceno's motion to dismiss with prejudice.

Although the circuit court did not issue written factual findings to set forth its reasoning for dismissal with prejudice, as called for in <u>Mageo</u>, <u>Id.</u>, the circuit court made clear at the hearing on the motion to dismiss that the basis for the dismissal with prejudice was the entire context of this case, as recited in a declaration by Kostron's counsel attached to the motion to dismiss. The context of this case, as attested to in the declaration of Kostron's counsel, includes that: misrepresentations and misconduct of a prior deputy prosecuting attorney in Cr. No. 07-1-1510 initially resulted in a dismissal with prejudice of that case; and at the behest of the State, the court granted a motion for reconsideration and dismissed Cr. No. 07-1-1510 without prejudice, so that the State could re-file the charges against Kostron and Ceno. After the re-filing of the charges in Cr. No. 09-1-0268, the charges in Counts I and V of the 2009 Complaint alleged "serious bodily injury" (as opposed to "substantial bodily injury" as alleged in the 2007 Complaint). The State thereafter indicated several times to the circuit court that it was prepared to go to trial and expressed no concerns with proving Counts I and V. On October 6, 2009, at a status conference thirteen days before the scheduled trial, the circuit court pointed out the potential problem the State may

4

have in proving "serious bodily injury" given the record at that time. Thereafter, the State sought to amend Counts I and V to allege "substantial bodily injury."

Under these circumstances, the charges against Kostron and Ceno had already once before been dismissed (initially with prejudice and then without prejudice), and moreover, but for the circuit court pointing out the allegation of "serious bodily injury" in the 2009 Complaint, the State would have proceeded to trial on Count I and V alleging a level of injury that it concedes it could not prove.

Considering that the circuit court was required to balance the interest of the state against fundamental fairness to the defendants, with the added ingredient of the orderly functioning of the court system, and given the entirety of the circumstances in Cr. No. 07-1-1510 and the instant case, we cannot conclude that the circuit court abused its discretion in dismissing this case with prejudice.

Finally, the State contends that the circuit court erred in dismissing all of the charges against Kostron and Ceno, including four charges of assault in the third degree that were unaffected by the charging mistakes. In the circuit court, the State never raised this argument or sought to preserve the third degree assault charges. To the contrary, at the hearing on the motion to dismiss, the State noted that it had considered but then rejected the idea of filing a motion to *nolle prosequi* the case. There was no discussion or assertion that the State would seek to proceed separately on the third degree assault charges. The State has therefore waived its argument that dismissal of the third degree assault charges was in error.

Because the circuit court acted within its discretion to dismiss the case with prejudice, we do not reach the State's second point of error regarding the motion to amend the complaint

Therefore,

IT IS HEREBY ORDERED that the circuit court's October 23, 2009 order dismissing the case against Kostron and Ceno is affirmed.

DATED: Honolulu, Hawai'i, September 28, 2012.

On the briefs:

James M. Anderson
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellant

Phyllis J. Hironaka
Deputy Public Defender
for Defendant-Appellee
Eugene C. Kostron

Harrison L. Kiehm
for Defendant-Appellee
Lopaka Ceno

Chief Judge

Associate Judge

Associate Judge